IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**TANYA LENZNER**,
individually and on behalf
of all others similarly situated,

        Plaintiff,

  vs.

Case No. 21-cv-133

**VON BRIESEN & ROPER, S.C.**
411 E. Wisconsin Ave.
Suite 1000
Milwaukee, WI 53201-3262

        Defendant.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

INTRODUCTION

1.    This is a collective and class action brought by Individual and Representative Plaintiff, Tanya Lenzner ("Named Plaintiff"), on her own behalf and on behalf of the members of the proposed class identified below. Named Plaintiff and putative class members, during the three-year period preceding this lawsuit, were employed as paralegals by Defendant, von Briesen & Roper, S.C. ("von Briesen"), and were denied overtime wages under an illegal pay policy whereby they were commonly misclassified as exempt from overtime wages under federal law. Under this policy, paralegals were not paid at one and one-half times their regular rate for hours worked over 40 per workweek. Named Plaintiff and putative class members are similarly-

situated under 29 U.S.C. § 216(b) as they suffered identical wage losses under this illegal policy.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

3. Venue is proper in the U.S. District Court for the Eastern District of Wisconsin, Milwaukee Division pursuant to 28 U.S.C. § 1391 because von Briesen is headquartered in this district and because events giving rise to these claims occurred in this district.

## PARTIES

4. Named Plaintiff, Tanya Lenzner, is an adult resident of Two Rivers, Wisconsin. Named Plaintiff was, within the three years preceding the filing of this lawsuit, employed as a paralegal for von Briesen. Named Plaintiff's consent form is attached as Exhibit A to this Complaint and is incorporated herein by reference.

5. Defendant, von Briesen & Roper, S.C., is a service corporation with its principal office at 411 E. Wisconsin Ave., Suite 1000, Milwaukee, WI 53201-3262.

6. von Briesen is an "employer" within the meaning of 29 U.S.C. § 203(d).

7. von Briesen is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

8. Named Plaintiff worked as a paralegal for Peterson Johnson & Murray

2

S.C. ("PJM") in its Manitowoc office until January 2018, when PJM was acquired by von Briesen.

9. Upon von Briesen's acquisition of PJM, von Briesen's Chief Human Resources Officer, Susan Bach, presented Named Plaintiff with an offer letter, offering her an initial salary of $43,700. This salary was the approximate equivalent of Named Plaintiff's hourly rate of $21 at PJM, where Named Plaintiff had been classified as non-exempt from overtime wages, multiplied by 40 hours per week and 52 weeks in a year.

10. Named Plaintiff recalls Ms. Bach stating that all von Briesen paralegals were paid a salary and is aware that the other PJM paralegals who had previously been hourly employees were also paid a salary after the von Briesen acquisition.

11. Upon information and belief, Ms. Bach works out of von Briesen's principal office in Milwaukee, Wisconsin.

12. Throughout the three-year period preceding the filing of this Complaint, Named Plaintiff and putative class members are or were employed by von Briesen as paralegals.

13. Throughout the three-year period preceding the filing of this Complaint, Named Plaintiff and putative class members were classified by von Briesen as exempt from overtime wages.

14. Throughout the three-year period preceding the filing of this Complaint, Named Plaintiff and putative class members were paid a fixed salary without regard to the number of hours they worked.

3

15. Throughout the three-year period preceding the filing of this Complaint, the job duties performed by Named Plaintiff and putative class members were those of FLSA non-exempt employees.

16. Throughout the three-year period preceding the filing of this Complaint, the job duties performed by Named Plaintiff and putative class members included requesting and summarizing employment, medical, and Social Security records, arranging expert evaluations, reviewing medical bills, drafting correspondence and letters, tracking deadlines, and otherwise supporting attorneys as directed.

17. Throughout the three-year period preceding the filing of this Complaint, Named Plaintiff and putative class members' primary duty was not related to the management of the business operations of von Briesen or its customers.

18. Throughout the three-year period preceding the filing of this Complaint, Named Plaintiff's and putative class members' primary duty did not require the use of discretion and independent judgment with respect to matters of significance.

19. Throughout the three-year period preceding the filing of this Complaint, Named Plaintiff and putative class members were customarily and regularly suffered and permitted to work hours over 40 in a workweek without overtime compensation.

20. von Briesen knew or should have known that Named Plaintiff and putative class members performed over 40 hours of work per workweek because it directed them to perform said work.

21. In response to a letter advising von Briesen of its potential legal violation for failing to pay overtime wages to its salaried paralegals, von Briesen's

4

attorneys sent a letter dated January 28, 2021, which is attached hereto as Exhibit B to this Complaint. This letter advised, "While not conceding any legal obligation to do so, von Briesen determined that it would begin to pay its paralegals on a salaried non-exempt basis" and that this change was "fully implemented" the week of January 24, 2021.

22. von Briesen's attorney represented that von Briesen had "voluntarily paid each of its paralegals a sum equal to the overtime pay that each paralegal would have earned if that paralegal had been paid as a salaried non-exempt employee for the three-year period immediately preceding the roll-out [of the new non-exempt pay process]." (Ex. B.)

23. Upon information and belief, von Briesen has not paid each of the paralegals it employed during the period from February 1, 2018 to the present, including individuals formerly employed by von Briesen as paralegals.

24. Named Plaintiff brings this action on behalf of herself and on behalf of other similarly-situated employees, pursuant to 29 U.S.C. § 216(b). The **Collective Class** is defined as:

> All persons formerly or currently employed by von Briesen & Roper, S.C., as paralegals who have not been compensated at a rate of one and one-half times their regular rate of pay for hours worked over 40 in a workweek at any time from February 1, 2018 through the present and ongoing.

### CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME
### COMPENSATION IN VIOLATION OF THE FLSA

25. Named Plaintiff, individually and on behalf of the Collective Class, re-

5

alleges and incorporates by reference the allegations in the preceding paragraphs.

26. von Briesen is an "employer" within the meaning of 29 U.S.C. § 203(d).

27. Named Plaintiff and the members of the Collective Class are or were employees of von Briesen within the meaning of 29 U.S.C. § 203(e).

28. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

29. Named Plaintiff and members of the Collective Class are not and were not exempt from overtime pay requirements under the FLSA.

30. During the applicable statute of limitations, Named Plaintiff and members of the Collective Class performed work in excess of 40 hours per workweek without receiving overtime compensation.

31. These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Named Plaintiff and members of the Collective Class have suffered a wage loss.

32. von Briesen knew or showed reckless disregard for the fact that it failed to pay Named Plaintiff and members of the Collective Class overtime compensation in violation of the FLSA.

## REQUEST FOR RELIEF

WHEREFORE, Named Plaintiff, on her own behalf and on behalf of all members of the Collective Class, requests the following relief:

A. An order designating this action as a collective action on behalf of the

proposed Collective Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

B. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

C. An order finding that von Briesen & Roper, S.C., violated the Fair Labor Standards Act;

D. An order finding that these violations were willful;

E. Judgment against von Briesen & Roper, S.C., in the amount equal to Named Plaintiff and the Collective Class's unpaid back wages at the applicable overtime rate;

F. An award in the amount of all liquidated damages and penalties as provided under 29 U.S.C. § 216(b);

G. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims pursuant to 29 U.S.C. § 216(b);

H. Such further relief as the Court deems just and equitable.

Respectfully submitted this 2nd day of February, 2021.

        Attorneys for the Plaintiff

        By: */s/Caitlin M. Madden*
        **HAWKS QUINDEL, S.C.**
        Caitlin M. Madden, State Bar No. 108928
        Email: cmadden@hq-law.com
        David C. Zoeller, State Bar No. 1052017
        Email: dzoeller@hq-law.com
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: 608-257-0040
        Facsimile: 608-256-0236