IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**TANYA LENZNER,**
individually and on behalf
of all others similarly situated,

                Plaintiff,

                                              Case No. 21-cv-133

   v.

**VON BRIESEN & ROPER, S.C.,**

                Defendant.

## JOINT MOTION FOR COURT APPROVAL OF CONFIDENTIAL SETTLEMENT AND DISMISSAL WITH PREJUDICE

Pursuant to Fed. R. Civ. P. 7(b), the parties, by their undersigned counsel, hereby respectfully move the Court for an order to: (a) approve their Settlement Agreement; and (b) upon approval of the Settlement Agreement, dismiss this action with prejudice and without further costs to any party pursuant to Fed. R. Civ. P. 41. In support of this Motion, the parties state as follows:

This is an action brought under the Fair Labor Standards Act ("FLSA"). The parties have reached a settlement. Pursuant to that settlement, in exchange for a monetary payment, Plaintiff and opt-in class members are required to dismiss their FLSA claims with prejudice and release Defendant from any further liability under the FLSA for the time period in question. A copy of the parties' Confidential Settlement and Release Agreement ("Settlement Agreement") is being filed as

Exhibit A to this Motion. However, in order for a private settlement of FLSA claims to be enforceable, the settlement must be approved by the Department of Labor ("DOL") or a district court. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *Adams v. Walgreen Co.*, No. 14-cv-1208-jps, 2015 WL 4067752, at *1 (E.D. Wis. July 2, 2015). The standard for evaluating such settlements is to determine whether it constitutes "a fair and reasonable resolution of bona fide disputes under the FLSA." *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Walton*, 786 F.2d at 306; *Armstrong v. Wasatch Front Home Servs., LLC*, 2012 U.S. Dist. LEXIS 85378 (W.D. Wis. June 20, 2012, Conley, J.); *Cross v. Russ Darrow Grp.*, No. 19-CV-1421-JPS, 2021 U.S. Dist. LEXIS 48961 (E.D. Wis. Mar. 16, 2021, Stadtmueller, J.). This settlement is a fair and reasonable resolution of the disputed issues, which will result in significant payment to the collective class members in exchange for the release of their claims under the FLSA. Because the parties believe this settlement represents a fair result for the class, they are seeking this Court's approval of their Settlement Agreement along with dismissal of the action with prejudice.

I.  Factual Background

von Briesen & Roper is a law firm operating in multiple locations throughout the state of Wisconsin. von Briesen employed paralegals at its office locations throughout the state. Plaintiff alleges that these paralegals often worked hours in excess of 40 per workweek, that these paralegals were also paid a fixed salary without regard to the number of hours they worked each workweek, and that von Briesen did

2

not pay overtime wages to paralegals when they worked in excess of 40 hours in a workweek.

On February 2, 2021, Class Representative Tanya Lenzner filed a lawsuit under the FLSA, 29 U.S.C. § 201, et seq., as a collective action to recover unpaid overtime wages. (Dkt. # 1.) In her Complaint, Lenzner alleged that Defendant failed to pay overtime wages to her and other similarly-situated individuals for a period dating back to February 2, 2018. The parties immediately began exchanging information to attempt to resolve these claims, and Defendant sought multiple extensions to its deadline to answer the Complaint to allow the parties to focus on these efforts. (Dkt. ## 8, 16, 18, 20.) On March 4, 2021, the parties stipulated to conditional certification of the collective class. (Dkt. # 13.) After the Court approved the Stipulation and the form of the notice, Defendant provided mailing information for 36 individuals meeting the class definition. Counsel for the Plaintiff ("Class Counsel") mailed notice to the collective class. A total of 3 individuals, including the Class Representative, filed consent forms to join the collective class (the "collective class members"). (Dkts. ## 1.1, 3.1, 14.1.)

II. The Settlement Agreement is a Fair and Reasonable Compromise of Disputed Claims

Following the close of the notice period, the parties agreed to explore whether it would be possible to resolve this matter. Defendant provided Class Counsel with payroll information for the collective class members and records from Defendant's timekeeping system, Carpe Diem, showing the work hours recorded by the collective class members within the statutory period. Class Counsel calculated the claim values

3

for each collective class member using the data and discovery documents produced by Defendant. The parties agreed to add five hours to the hours recorded by each collective class member for each workweek to account for unrecorded time and derive the total hours worked per workweek. The regular rate of pay was determined by dividing the total wages earned per workweek by the total hours worked per workweek to determine the regular rate of pay, and this regular rate of pay was multiplied by 50% to determine the overtime premium for each hour worked in excess of 40. The total hours worked in excess of 40 each workweek were multiplied by that workweek's overtime premium to determine the overtime wages due per workweek. The overtime claim value was then increased by 100% to account for liquidated damages under the FLSA. 29 U.S.C. § 216(b).

In addition to discussing damages, the parties discussed the underlying factual and legal issues in this matter. The primary area of dispute was whether the Carpe Diem timekeeping records captured all of the compensable work performed by the collective class members. Defendant maintained that these records, which allowed for paralegals to record "unbillable" time for administrative and other tasks, captured all hours worked. The plaintiff and collective class members alleged that Carpe Diem was never meant to serve as a time clock and undercounted time spent responding to calls and emails after working hours, or on administrative tasks like short meetings and responding to emails, such that between 7 and 10 working hours per week were not recorded in the Carpe Diem records.

Counsel for the parties are experienced in litigating collective and class action

4

wage and hour lawsuits under the FLSA and Wisconsin law. Based on their experiences, counsel engaged in arm's-length, good faith settlement negotiations on behalf of the collective class members in light of the disputed issues remaining to be resolved, the expense of continued litigation, and the inherent risks of litigation. The resulting settlement will compensate each of the collective class members for their unpaid overtime, ███████████████████████████████████████ ███████████████████████, liquidated damages under the FLSA, and to recover for attorneys' fees and costs incurred by Class Counsel. The settlement will be paid as follows:

| Collective Class Member | Overtime Damages | Liquidated Damages | Total Settlement Amount |
|---|---|---|---|
| Tanya Lenzner | $ | $ | $ |
| Jennifer Lammers | $ | $ | $ |
| Rebecca Landay | $ | $ | $ |

a. $ ▮▮▮ to be paid to Tanya Lenzner, representing $ ▮▮▮ in overtime damages and $ ▮▮▮ in liquidated damages;

b. $ ▮▮▮ to be paid to Jennifer Lammers, representing $ ▮▮▮ in overtime damages and $ ▮▮▮ in liquidated damages, less the $ ▮▮▮ Defendant has already paid to Lammers for her unpaid overtime;

c. $ ▮▮▮ to be paid to Rebecca Landay, representing $ ▮▮▮ in overtime damages and $ ▮▮▮ in liquidated damages; and

d. $ ▮▮▮ to be paid to Hawks Quindel, S.C. for attorneys' fees and costs incurred by Class Counsel in prosecuting this matter.

5

Collective class members will receive full value for their total potential damages if they were to prevail on all issues in this matter at trial, including a finding of willfulness extending the statute of limitations to the third year, an award of liquidated damages, ███████████████████████████████████████████ ███████████████████████████████████.

This settlement is a fair and reasonable resolution of the *bona fide* dispute over the FLSA provisions raised by this lawsuit. *Lynn's Food Store, Inc.*, 679 F.2d at 1353. The parties have a real dispute in this case over whether the collective class members are entitled to overtime wages, and the correct number of hours worked by them. In addition to this dispute, there is a genuine question of what remedies the collective class would be entitled to should liability be established. Whether the collective class would be able to demonstrate that Defendant acted willfully in order to get the third year of damages available under 29 U.S.C. § 255(a) or whether the Defendant acted in good faith and should escape payment of liquidated damages under 29 U.S.C. § 260 were also contested questions in this matter.

Individual collective class members stand to recover a significant amount in this settlement, demonstrating the reasonableness of the settlement. Factors considered when reviewing settlement agreements for FLSA collective actions include "the range of reasonableness of the settlement fund in light of the best possible recovery [and] all the risks of litigation," such as the risks of establishing liability and damages. *Butz v. Automation Sols. of Am.*, No. 16-cv-696-jdp, 2017 U.S. Dist. LEXIS 142614, at *3 (W.D. Wis. Sep. 5, 2017) (citing *Burkholder v. City of Ft.*

*Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010)).

In this matter, the collective class members will receive full value for their claims, assuming that the Court found liability, ███████████████████████ ███████████████████████████████████████████████████████, made a finding of willfulness to award a third year of damages, and rejected any good-faith defense to liquidated damages. This recovery is significant in light of the risk of no recovery. Further, Class Counsel seeks an award of attorneys' fees outside of these payments to the collective class members, meaning there is no reduction to their awards to account for fees and costs.

This settlement, therefore, represents a modest compromise on the full value of the collective class members' claims, particularly in light of Defendant's credible arguments against liability, a finding of willfulness, and an award of liquidated damages. *See Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir.1987) (finding adequate a settlement of 10% of the total sought due to risks and costs of trial); *Smoot v. Wieser Bros. Gen. Contr.*, 2016 U.S. Dist. LEXIS 57148 (W.D. Wis. April 28, 2016, Peterson, J.) (approving an FLSA settlement where class members "will lose some of their liquidated damages to pay class counsel," this represented "only a modest compromise from the class members' point of view"); *contrast with Larkin v. CPI Corp.*, 2011 U.S. Dist. LEXIS 127680 (W.D. Wis. Nov. 3, 2011, Conley, J.) (reserving judgment on plaintiff's motion for approval of settlement where the parties provided insufficient information to allow the court to evaluate the reasonableness of the settlement).

III. **The Attorneys' Fees and Costs Sought Are Fair and Reasonable**

Class Counsel also seeks an award of $ ▓▓▓▓▓ in attorneys' fees and costs. This request is reasonable and reflects the parties' arms-length compromise. Class Counsel is submitting the contemporaneous fee entries supporting the work performed on this file *in camera* as the individual fee entries contain work product. (*See* Ex. B.)

Class Counsel has litigated this action since its inception, and the legal services provided include initial and subsequent case investigation, preparation of the Complaint, administration of the FLSA notice process, legal research regarding the FLSA, preparation of damages calculations, consultation with the collective class members throughout litigation, and correspondence with defense counsel pertaining to settlement and this approval filing. (*See* Ex. B.)

Exhibit B details the fees incurred by the collective class members had they been charged Class Counsel's regular hourly rate for representation. Plaintiff's Counsel's rate has been approved in other proceedings. *See Hoverson v. Pan-O-Gold Baking Co.*, dkt. ## 47, 54, Case No. 18-cv-817 (Peterson, J.); *Goplin v. WeConnect, Inc.*, dkt. ## 101, 107, Case No. 17-cv-773 (Peterson, J.); *DiSalvo v. CRM US, Inc. d/b/a Inspiro*, dkt. ## 64, 71, Case No. 19-cv-425 (Peterson, J.); *Neeck v. Badger Brothers Moving, LLC*, dkt. ## 27, 29, 34, Case No. 19-cv-834 (Conley, J.)

Class Counsel accepted this case on a contingent fee basis and bore the risk if this matter did not lead to a successful resolution. At the outset of the case, the Named Plaintiff agreed to pay counsel one-third of her recovery or the amount

awarded through settlement or by the Court. The attorney's fees and costs sought represent the actual hours expended by Class Counsel in achieving this result for the collective class members.

Class Counsel has also advanced $ in costs associated with this litigation, covering the filing fee and postage for the notice mailing. Class Counsel's attorneys' fee request is reasonable and fair. Defendant agrees to this payment of attorneys' fees, further evidencing the reasonableness of the request.

## CONCLUSION

In short, the Settlement Agreement was reached as a result of arm's-length negotiations between experienced counsel for the parties that considered the merits of Plaintiff's claims and Defendant's defenses to the same, and reviewed an analysis of the evidence related thereto. The Settlement Agreement represents a fair resolution of the collective class members' claims in light of the foregoing and the *bona fide* legal and factual disputes that exist with regard to their claims. The Settlement Agreement is between the collective class members and the Defendant only. Potential class members that have not joined the Lawsuit are not subject to, nor bound by, the Settlement Agreement. For all the foregoing reasons, Plaintiff and Defendant request that the Court enter an order approving the Settlement Agreement and dismissing the case with prejudice and without further costs to either party pursuant to Fed. R. Civ. P. 41.

Dated this 30th day of September, 2021.

    Attorneys for the Collective Class

    By: *Caitlin M. Madden*
    **HAWKS QUINDEL, S.C.**
    David C. Zoeller, State Bar No. 1052017
    Email: dzoeller@hq-law.com
    Caitlin M. Madden, State Bar No. 1089238
    Email: cmadden@hq-law.com
    Post Office Box 2155
    Madison, Wisconsin 53701-2155
    Telephone: (608) 257-0040
    Facsimile: (608) 256-0236

    Attorneys for the Defendant

    By: *Ross W. Townsed*
    **LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.**
    Ross W. Townsend, State Bar No. 1011622
    Email: rwt@lcojlaw.com
    R. George Burnett, State Bar No. 1005964
    Email: gb@lcojlaw.com
    231 South Adams Street
    Post Office Box 23200
    Green Bay, Wisconsin 54305-3200
    Telephone: (920) 437-0476
    Facsimile: (920) 437-2868

3918840_2