# Exhibit A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Agreement, along with all exhibits hereto (collectively, the "Settlement Agreement"), is entered into by and between von Briesen & Roper, s.c. ( "Defendant") and Tanya Lenzner (the "Class Representative" or the "Plaintiff"), for herself and on behalf of a collective class of all similarly-situated employees, in the case of *Lenzner v. von Briesen & Roper, s.c.,* Case No. 21-cv-133, filed in the United States District Court for the Eastern District of Wisconsin (the "Lawsuit").

## RECITALS

WHEREAS, the Class Representative filed a lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* as a collective action to recover unpaid overtime wages against Defendants on February 2, 2021 (dkt. # 1);

WHEREAS, the Class Representative is represented in the Lawsuit by the law firm of Hawks Quindel, S.C. ("Class Counsel");

WHEREAS, the parties stipulated to conditional certification of the collective class on March 4, 2021 and notice was mailed to the collective class (dkts. ## 13, 15);

WHEREAS, a total of 3 individuals, including the Class Representative, filed consent forms to join the collective class (dkts. ## 1.1, 3.1, 14.1);

WHEREAS, the parties exchanged settlement offers and, by arm's-length negotiations, reached a settlement of this matter for the collective class;

WHEREAS, Defendant denies all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts

or causes of action asserted in the Lawsuit but, nonetheless, without admitting or conceding any liability or damages whatsoever, has agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS, the parties recognize that the outcome of the Lawsuit is uncertain and that achieving a final result through the litigation process would require substantial additional risk, discovery, time, and expense;

WHEREAS, the Class Representative and her counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit to determine how best to serve the interests of the collective class members and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefits of settlement, that the settlement as provided in this Settlement Agreement is in the best interest of all and that the settlement provided in this Settlement Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit; and

WHEREAS, the parties have agreed to settle this case as to all individuals who opted into the FLSA collective class ("collective class members");

NOW THEREFORE, the parties, intending to be legally bound and in consideration of the mutual covenants and other good and valuable consideration set forth below, do hereby agree as follows:

## AGREEMENT

1. **Settlement.** It is agreed by and among the parties that this action, and any claims, damages, or causes of action arising out of or related to the dispute which is the subject of said action, be settled and compromised as between the collective class members and Defendant, subject to Court approval and pursuant to the terms and conditions set forth in this Settlement Agreement.

2. **Settlement Fund.** Defendant agrees to establish a Settlement Fund in the amount of $ ▓ ("Settlement Fund") to resolve the collective class members' claims. This Settlement Fund is inclusive of attorneys' fees, costs, and liquidated damages, such that Defendant's settlement liability, other than the Defendant's share of payroll taxes, shall not exceed $ ▓.

3. **Attorneys' Fees and Costs.** Class Counsel will apply for an award of actual attorneys' fees and costs, to be approved by the Court, amounting to $ ▓. Defendant does not oppose such application.

4. **Allocation to Class.** The class shall be allocated $ ▓, less any approved attorneys' fees and costs, to be divided between unpaid wages and liquidated damages. Individual claim values have been calculated for each collective class member using the following method: First, Defendant provided data from its Carpe Diem timekeeping system showing the number of hours recorded by the collective class members each week worked during the three-year statute of limitations preceding the filing of this Lawsuit. ▓

3

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The regular rate of pay was determined by dividing the total wages earned per workweek by the total hours worked per workweek to determine the regular rate of pay, and this regular rate of pay was multiplied by 50% to determine the overtime premium for each hour worked in excess of 40. The total hours worked in excess of 40 each workweek were multiplied by that workweek's overtime premium to determine the overtime wages due per workweek. The overtime claim value was then increased by 100% to account for liquidated damages under the FLSA. This process led to the following individual settlement amounts:

| Collective Class Member | Overtime Damages | Liquidated Damages | Total Settlement Amount |
|---|---|---|---|
| Tanya Lenzner | $ ▇▇▇ | $ ▇▇▇ | $ ▇▇▇ |
| Jennifer Lammers | $ ▇▇▇ | $ ▇▇▇ | $ ▇▇▇ |
| Rebecca Landay | $ ▇▇▇ | $ ▇▇▇ | $ ▇▇▇ |

*$ ▇▇▇ less $ ▇▇▇ already paid

Any amount accepted by any collective class member in this settlement shall represent full payment of any wages and liquidated damages that could have been claimed through this Lawsuit.

5. <u>Settlement Approval Process</u>.

    a. The parties will cooperate and take all necessary steps to effectuate judicial approval of this Settlement Agreement.

    b. **Motion for Court Approval of Settlement.** Class Counsel shall present this Settlement Agreement to the Court along with a joint motion requesting that the Court issue an order approving the Settlement Agreement as fair, reasonable, and adequate and dismissing the case with prejudice. Should the

4

Court require additional briefing in order to grant approval of the Settlement Agreement, the parties shall work together.

  c.  If this Settlement Agreement is finally approved by the Court, a final order approving settlement and directing the entry of judgment pursuant to Federal Rule of Civil Procedure 41(a)(2) shall be entered as follows:

    i.  Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the class;

    ii.  Declaring the Settlement Agreement to be binding on Defendant and the Class Representative as well as all of the collective class members;

    iii.  Dismissing with prejudice the released claims (as that term is defined below);

    iv.  Forever discharging Defendant from all released claims; and

    v.  Indicating the amount of attorneys' fees and expenses to be awarded to Class Counsel.

6.  <u>Release</u>. Upon the Court entering an order approving settlement, the claims of the Class Representative and collective class members who have not withdrawn their consent shall be deemed to have released all overtime claims that were raised in this suit or could have been raised prior to February 2, 2021 (i.e. the "released claims").

7.  **Settlement Administration.**

a. <u>Allocations</u>. If the Court grants approval of this Settlement Agreement, Class Counsel shall serve as the Administrator and shall be responsible for administering the settlement, calculating the collective class members' portion of the Settlement Fund, and mailing settlement checks to the collective class members. Attorneys' fees and expenses of the settlement administration shall be paid by Plaintiff's counsel. Individual settlement allocations have been calculated, pursuant to the procedure described in section 4, in the amounts set forth in paragraph 4. The amounts allocated to each collective class member in paragraph 4 as "Overtime Damages" shall be paid as W-2 income. The amounts allocated to each collective class member as "Liquidated Damages" shall be paid as 1099 income.

b. <u>Funding of the Settlement and Payment of Attorneys' Fees</u>. If no objections to the settlement are filed, within 10 days of the Court entering its order finally approving the Settlement Agreement, Class Counsel shall provide to Defendants the final settlement allocation, accounting for any amounts not approved for attorneys' fees and costs. Within 14 days of issuance of the final settlement allocation, Defendant shall transfer the total amount of the Settlement Fund, less amounts allocated to the collective class members as W-2 wages, to the Hawks Quindel, S.C. IOLTA trust account. In due course, Defendant will issue Class Counsel one or more IRS Forms 1099 for the attorneys' fees and costs paid consistent with apportionment provided by Class Counsel. In due course, Defendant will also issue each of the collective class members an IRS Form 1099 representing payment of liquidated damages made to each of the collective class

members. At the same moment, Defendant will also send to Class Counsel checks made payable to each of the collective class members in the amounts allocated as W-2 wages to each such collective class member less sums properly withheld by Defendant from such payments for federal and state withholdings. In due course, Defendant will send IRS Form W-2 to each of the collective class members representing payment of W-2 wages made under this Agreement.

If an appeal is filed, no payments shall be issued until and unless the settlement is upheld on appeal or the objection is otherwise resolved. If an appeal is filed and the settlement is upheld or the objection is otherwise resolved, Defendant shall transfer the total amount of the Settlement Fund, less amounts allocated to the collective class members as W-2 wages, to Class Counsel as Administrator within 10 days after the resolution.

    c. <u>Settlement Checks</u>. Upon the Court entering a final order approving settlement and as otherwise provided in subparagraph b. above, Class Counsel shall send the collective class members two settlement checks: one containing their allocated portion of the Settlement Fund designated as 1099 income and one containing their allocated portion of the Settlement Fund designated as W-2 wages. Class Counsel will mail checks to Class Representatives and the collective class members no later than 14 days from the funding of the settlement per subparagraph b. above.

    d. <u>Reissuing of Payments</u>. If any settlement checks are returned as undeliverable within 120 days of issuance, Class Counsel shall promptly attempt

to locate the person. Defendant agree to provide Class Counsel with Social Security numbers for those individuals whose settlement checks are returned. Upon request by a collective class member, Class Counsel and Defendant will promptly reissue checks that were mailed but not cashed by the collective class member during the 120-day time period. However, Class Counsel and Defendant shall deduct from the individual's settlement amount any cost associated with canceling a previously issued settlement check. Any settlement check that remains undeliverable or is not cashed after 120 days following its issuance shall be cancelled and voided. Class Counsel and Defendant will not reissue checks after the 120-day time period. Any settlement check that remains undeliverable or is not cashed after 120 days following its issuance, and following its cancellation and voiding and deduction for any cost related to the same, shall revert to the Defendants.

    e. <u>Tax Treatment</u>. For tax purposes, each collective class member's settlement share, as set forth in paragraph 4, constitutes a combination of alleged unpaid wages as well as liquidated damages to be divided equally. The payment of the alleged unpaid wages shall be deemed payment of the alleged unpaid wages and subject to all legally required garnishments, liens, wage withholding orders, regular withholdings, and similar obligations, and reported on an IRS Form W-2 to be issued by the Defendant. The remaining amount shall be for alleged interest and liquidated penalty claims and shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099 to be issued by Defendant. The amounts payable under this settlement will not trigger any

8

additional benefits or liabilities under Defendant's benefits plans, including any retirement plans in which collective class members participate. Attorneys' fees and costs paid pursuant to section 3 shall be paid without withholding and shall be reported to the IRS and Class Counsel under Class Counsel's name and taxpayer identification number, which Class Counsel shall provide for this purpose through an executed IRS Form W-9, on an IRS Form 1099. Defendant will bear the employer's share of payroll taxes separately from the Settlement Fund.

8. **No Admission of Liability.** By entering into this Settlement Agreement, Defendant admits no liability of any kind, and Defendant expressly denies any liability or wrongdoing. Accordingly, the parties agree that none of them has prevailed nor shall this Settlement Agreement be construed as evidence that any party has prevailed in this matter. This Settlement Agreement shall not be admissible in any court or other proceeding except as necessary in connection with a claim of breach of this Settlement Agreement or an effort to enforce this Settlement Agreement. The Parties further agree that, except as otherwise required by law, the terms of this settlement are confidential meaning that Defendant will disclose the terms of this Settlement Agreement only when consistent with a legitimate business interest, and the collective class members will refrain from disclosing the terms of this Settlement Agreement to any entity or individual other than to members of their immediate families, their legal counsel, and their tax advisors.

9

9. **Choice of Law**. The enforcement of this Settlement Agreement shall be governed and interpreted by and under the laws of the State of Wisconsin whether or not any party is or may hereafter be a resident of another state.

10. **Extension of Time**. The parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

11. **No Waivers, Modifications, Amendments**. This Settlement Agreement constitutes the entire agreement of the parties concerning the subjects contained herein, and all prior and contemporaneous negotiations and understandings between the parties shall be deemed merged into this Settlement Agreement. No waiver, modification, or amendment of the terms of this Settlement Agreement, whether purportedly made before or after the Court's approval of this Settlement Agreement, shall be valid or binding unless in writing, signed by or on behalf of all parties, and then only to the extent set forth in such written waiver, modification, or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any of the other provisions of this Settlement Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

12. **Court Retains Jurisdiction to Enforce Agreement**. The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms

of the Settlement Agreement, to the extent permitted by law, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement. Any action to enforce this Settlement Agreement shall be commenced and maintained only in this Court.

13. <u>Agreement to Cooperate/Severability</u>. The parties acknowledge that it is their intent to consummate this settlement, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. The provisions of this Settlement Agreement shall be deemed severable, and the invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of any of the other provisions.

14. <u>Counterparts</u>. This Settlement Agreement shall become effective upon its execution, subject to subsequent Court approval. The parties may execute this Settlement Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Class Representatives and Defendant had signed the same instrument. Any signature made and transmitted by facsimile or electronically for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement and shall be binding upon the signing party.

15. <u>Corporate Signatories</u>. Each party executing this Settlement Agreement or any of its exhibits on behalf of any party hereto warrants that such

person has the authority to do so. Any person executing this Settlement Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all parties hereto that such person is duly authorized by such corporation to execute this Settlement Agreement or any such related documents.

16. **Captions**. The captions or headings of the paragraphs in this Settlement Agreement are inserted for convenience or reference only and shall have no effect upon the construction or interpretation of any part of this Settlement Agreement.

[signature page to follow]

Date: 09/22/2021                By: *(signature)* Tanya Lenzner (Sep 22, 2021 17:36 CDT)

Printed Name: Tanya Lenzner

Title: Class Representative

Date: 9/27/21                   By: *(signature)*

Printed Name: Susan Lavern

Title: President

On Behalf of von Briesen & Roper, s.c.

**REVIEWED AND APPROVED AS TO FORM:**

**HAWKS QUINDEL, S.C.**

Date: 9/23/21                   By: *(signature)*

Printed Name: Caitlin M. Madden

Title: Class Counsel

**CONWAY, OLEJNICZAK, AND JERRY, S.C.**

Date: 9-28-21                   By: *(signature)*

Printed Name: Ross W. Townsend

Title: Attorneys for Defendant

3018885_2