UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TANYA LENZNER,

        Plaintiff,

  v.

VON BRIESEN & ROPER SC,

        Defendant.

Case No. 21-cv-133-pp

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE SETTLEMENT DOCUMENTS UNDER SEAL (DKT. NO. 22) AND DENYING WITHOUT PREJUDICE PARTIES' JOINT MOTION FOR LEAVE TO FILE SETTLEMENT DOCUMENTS WITH LIMITED ACCESS (DKT. NO. 23)**

On September 8, 2021, the defendant filed an unopposed motion for leave to file settlement documents under seal. Dkt. No. 22. On September 30, 2021, the parties filed a nearly identical, joint motion asking to file the same settlement documents with limited access. Dkt. No. 23.[1] The court will deny both motions without prejudice.

The defendant's motion to seal asked the court to seal the parties' settlement documents. Dkt. No. 22 at 1. According to the defendant, the details of the settlement are sensitive and may "cause confusion, further dispute and controversy, and, perhaps, further litigation," if seen by third parties. Id. at 1.

---

[1] The appropriate motion is a motion to restrict public access. A motion to seal prohibits access to everyone, including the parties. A motion to restrict limits access to the electronic document to the persons or entities specified in the motion.

1

The defendant indicated that the settlement was a compromise of the claims without either party making any concessions of fact or law. Id. The defendant provided no further basis for the request to seal the documents. The joint motion provided the same reasons, as well as asserting that the plaintiff's request for attorneys' fees contained confidential attorney-client information. Dkt. No. 23 at 1. It asked the court to restrict access to the court and the parties. Id. at 2.

Fair Labor Standards Act settlements require either supervision by the Department of Labor or judicial approval to avoid a challenge to the validity of a settlement. Wendorf v. Vill. of Plover, No. 19-cv-251-wmc, 2020 WL 2473759, * 1 (W.D. Wis. May 13, 2020). Documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Intern (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013). The public has a right of access to the judicial record to know who is using the courts, to understand judicial decisions and to monitor the judiciary's performance. Id. Because the public pays for the courts, the public is entitled to know what goes on at all stages of a judicial proceeding. Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). A party may override this interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Roumann Consulting Inc. v. T.V. John & Son, Inc., No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019). Good cause requires more than a reference to a confidentiality agreement. See Goesel, 738 F.3d at 835.

2

There is also inherent value in keeping settlement documents public. It is helpful for prospective litigants to know the size and terms of settlements to predict the possible outcome of future litigation. Metzger v. Auto Rescue of MKE LLC, No. 15-CV-967-JPS, 2016 WL 7839154, at *3 (E.D. Wis. July 11, 2016). Parties must provide good cause for restricting access to a settlement agreement. Id. This court previously has cited Seventh Circuit law emphasizing "that the parties must give the court a reason for not disclosing the documents beyond the fact that they don't want them disclosed." Burton v. AMNJ Enterprises, Inc., No. 19-cv-164-pp, 2020 WL 3964387, at *1 (E.D. Wis. July 13, 2020) (citing Goesel, 738 F.3d at 835).

Under Civil Local Rule 79(d)(3) (E.D. Wis.), motions to seal "must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record." The defendants provide no case law or facts supporting their request. They speculate that the terms of their settlement could cause problems in the future. The speculative nature of the defendants' request is insufficient to overcome the presumption of public access to court filings.

The court will deny the motions without prejudice and give the parties twenty-one days to file an amended motion that complies with the Seventh Circuit's requirement and the requirements of Civil L.R. 79(d)(3) that they provide specific cause for restricting the agreement.

The court **DENIES WITHOUT PREJUDICE** the defendant's unopposed motion for leave to file settlement documents under seal. Dkt. No. 22.

3

The court **DENIES WITHOUT PREJUDICE** the parties' joint motion for leave to file settlement documents with limited access. Dkt. No. 23.

The court **ORDERS** that if the parties still seek to have the settlement documents restricted, by the end of the day on **January 21, 2022,** they must file a new motion that complies with Seventh Circuit precedent and this court's local rules.

Dated in Milwaukee, Wisconsin this 30th day of December, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
