UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TANYA LENZNER,

    Plaintiff,

v.

                      Case No. 21-cv-133-pp

VON BRIESEN & ROPER SC,

    Defendant.

**ORDER GRANTING JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (DKT. NO. 30) AND DISMISSING CASE WITH PREJUDICE**

On February 2, 2021, the plaintiff filed an FLSA collective action complaint asserting claims, seeking to recover unpaid overtime wages. Dkt. No. 1. The proposed collective sought damages for time worked in excess of forty hours per week without overtime compensation. Id.

On September 30, 2021, the parties filed a joint motion asking the court to approve their settlement agreement. Dkt. No. 25. They attached the agreement to the motion. Dkt. No. 25-1. The agreed-upon award includes attorneys' fees and costs. Dkt. No. 25 at 5. The parties since have filed an amended motion for settlement approval and dismissal. Dkt. No. 30. They again attached the settlement agreement they had provided in September. Dkt. No. 30-1. The court will grant the motion.

1

## I. Settlement Agreement (Dkt. No. 30-1)

The Seventh Circuit has not addressed whether stipulated agreements under the FLSA require court approval, but district courts in the Seventh Circuit routinely require such approval. Rambo v. Global Diversified, Inc., et al., No. 4:20-cv-04212-SLD-JEH, 2021 WL 262556, at *1, n.2 (C.D. Ill. Jan. 26, 2021) (Citing, e.g. Salcedo v. D'Arcy Buick GMC, Inc., 227 F. Supp. 3d 960, 961 & n.1 (N.D. Ill. 2016); Paredes v. Monsanto Co. et al., No. 4:15-CV-088 JD, 2016 WL 1555649, at *1 (N.D. Ind. Apr. 18, 2016); Ellison v. Nisource, Inc., No. 2:15-CV-59-TLS, 2016 WL 782857, at *1-2 (N.D. Ind. Feb. 19, 2016)). But see Martin v. Spring Break '83 Prods. L.L.C., 688 F.3d 247, 255-56 (5th Cir. 2012) (finding a private settlement of an FLSA suit enforceable where there was a *bona fide* dispute between the parties over the hours worked although no court previously had approved the settlement).

"If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Castillo v. Noodles & Co., No. 16-CV-03036, 2016 WL 7451626 at *1 (N.D. Ill. Dec. 23, 2016). If the proposed settlement is "a fair and reasonable resolution of a bona fide dispute" over FLSA provisions, courts may approve the agreements to encourage settlement of litigation. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). The court must consider whether the agreement is "a reasonable compromise of disputed issues rather than a mere waiver of statutory right brought by an employer's overreaching." Burkholder v.

City of Ft. Wayne, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. Nov. 1, 2010). Courts consider factors such as

> (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation.

Paredes, 2016 WL 1555649, at *2.

The parties have agreed that the defendant will pay the collective class members as follows: $8,609.72 to Tanya Lenzner (representing $4,304.86 in overtime damages and $4,304.86 in liquidated damages); $3,012.70[1] to Jennifer Lammers (representing $5,766.10 in overtime damages and $5,766.10 in liquidated damages less the $8,519.50 the defendant has already paid to Lammers for her unpaid overtime); $11,969.74[2] to Rebecca Landay (representing $5,984.87 in overtime damages and $5,984.87 in liquidated damages); and $8,171.22 to Hawks Quindel, S.C. for attorney's fees and costs incurred by class counsel in prosecuting the case. Dkt. No. 30 at 5.

Regarding the first factor—the complexity, expense and likely duration of the litigation—the parties explain that there were significant disputes over

---

[1] The motion and settlement indicate that Jennifer Lammers should receive $3,012.69, but $11,352.20 (the total of overtime and liquidated damages) less the $8,519.50 the defendant has already paid Lammers is actually $3,012.70.

[2] The motion and settlement indicate that Rebecca Landay should receive $11,969.75, but the total of $5,984.87 in overtime damages and $5,984.87 in liquidated damages is actually $11,969.74.

whether the collective class members were entitled to overtime, the number of hours they worked and the remedies to which they'd be entitled if they were able to establish liability. Id. at 6. The litigation has been pending since February 2021—almost a year by the time the parties filed the amended motion for approval. The parties sought approval of the settlement agreement before the defendant had answered—early in the litigation, signaling that had the parties not settled, extensive and likely costly litigation would have followed.

As to the second factor—the stage of the proceeding and the amount of discovery completed—the court has noted that the defendant had not yet answered at the time the parties sought approval of the resolution. This settlement saves both sides the expense of discovery.

As to the third factor—the risks of establishing liability—and the fourth factor—the risks of establishing damages—as the court has noted, the parties indicate that there were multiple issues in dispute: whether the members of the collective were entitled to overtime wages, how many hours they worked, the nature of the remedies to which they were entitled, whether they could demonstrate willfulness by the defendant sufficient to obtain a third year of damages and whether the defendant acted in good faith sufficient to escape liquidated damages. Id.

The motion contains no information as to the fifth factor—the ability of the defendant to withstand a larger judgment.

As to the sixth and seventh factors—the range of reasonableness of the settlement fund in light of the best possible recovery and the range of

4

reasonableness of the settlement fund in light of all the risks of litigation—class counsel used payroll information for the collective class members, as well as records from the defendant's timekeeping system, to calculate the hours worked; the parties then agreed to add five hours to the total for each collective class member for unrecorded time. Id. at 3-4. The parties divided the total hours worked per workweek by the total wages earned per workweek to establish a regular rate of pay, then multiplied that rate by 50% to determine an overtime premium for each hour worked over forty. Id. at 4. That premium was applied to the total number of hours worked over forty to determine the overtime wages due per workweek, the overtime claim value was then increased by 100% to account for liquidated damages. Id. This settlement calculation captures the full value of the claims for each class member, assuming that the court found liability on all claims, made a finding of willfulness and rejected any good faith defense as to liquidated damages. Id. at 7. The court finds this range reasonable; the full value of claims approximates a best possible recovery, particularly when balanced against the risk of no recovery. The settlement agreement also encompasses an award of attorneys' fees and costs outside of the agreed upon payments to collective class member. Id. This means that there is no reduction in each members' award for fees and costs. Id.

The court concludes that a settlement agreement which pays the class collective members a total of $31,763.28 to cover unpaid wages, liquidated damages and attorneys' fees and costs is a fair and reasonable compromise of

5

the dispute. The agreement pays the class employees in full and provides liquidated damages. This outcome resolves the issues at hand without wasting considerable time, money and effort spent on discovery, subsequent motion practice and trial. The court will approve the proposed settlement.

## II. Conclusion

The court **FINDS** that the settlement agreement (Dkt. No. 30-1) reflects a fair and reasonable compromise of a disputed claim and **GRANTS** the joint motion for court approval of settlement. Dkt. No. 30.

The court **ORDERS** that the defendant must distribute settlement checks in the manner described by the settlement agreement. Dkt. No. 30-1 at 7.

The court **DISMISSES** the case with prejudice. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of May, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**